*210 OPINION.
Siefkin:
The sole question for determination in this proceeding is the basis for calculation of exhaustion of a patent during the years 1923,1924,1925, and 1926. The patent in question is known as “ The James Patent Oil Deflector,” which was transferred to the petitioner by D. O. James shortly after July 2, 1923, in exchange for $250,000 par value of stock of the petitioner. This stock at the time of the transaction had a value of $250,000. For the year 1923 the respondent used a basis of $70,672.12 instead of the $250,000 claimed by the petitioner and for the years 1924, 1925, and 1926 he allowed no deduction for exhaustion of the patent.
Section 234 (a) of the Revenue Act of 1921 provides:
That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
* * * * ⅜ * *
(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.
The basis for the computation of depreciation in the case of property acquired subsequent to March 1, 1913, is its cost. Section 331 of the Revenue Act of 1921 has no application here. See Kennedy Construction Co., 4 B. T. A. 276. For the year 1923 petitioner is entitled to depreciation upon the cost of the patent, $250,000.
We now turn to a consideration of the basis for computation of depreciation for the years 1924, 1925, and 1926. There are set forth below pertinent sections of the Revenue Act of 1924 which are similar to provisions of the Revenue Act of 1926.
Section 204 (c) provides:
(c) The basis upon which depletion, exhaustion wear and tear and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property.
Section 204 (a) provides:
(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—
* * * * # * *
(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), *211 then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made; * * *
Section 203 (b) (4) provides:
No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.
Section 204 (c) of the Revenue Act of 1924 provides that the basis upon which depreciation is to be allowed shall be the same as is provided in subdivision (a) or (b) for the purpose of determining gain or loss upon the sale or other disposition of such property.
Section 204 (a) of the Revenue Act of 1924 provides that the basis for determining gain or loss on the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property, with certain exceptions. One of the exceptions is set forth in subdivision (8).
Subdivision (8) provides that if the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the trans-feror upon such transfer under the law applicable to the year in which the transfer was made.
The type of transaction referred to in section 203 (b) (4) of the Revenue Act of 1924 is that in which property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation.
It seems clear that the transaction in this cajae falls within section 203 (b) (4), and the basis for calculating depreciation on the property exchanged is the basis in the hands of James, increased in the amount of any gain derived, or decreased by the amount of loss sustained upon the transaction as recognized by the law applicable to the year 1923, the year the transaction was made. The law applicable is the Revenue Act of 1921.
*212 Section 202 (c) of the Revenue Act of 1921 provides:
For tlie purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized — •
⅜ * * * ⅜ * *
(3) When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately 'after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, “ in control ” of a corporation when owning at least SO per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.
Since James owned over 80 per cent of the stock of the corporation after the transaction no gain or loss would be recognized. The basis for depreciation, therefore, is the basis in his hands. What is that basis?
Section 202 (b) of the Revenue Act of 1921 provides that the basis for ascertaining gain or loss upon the sale or other disposition of property acquired before March 1, 1913, shall be the cost or March 1, 1913, value, whichever is higher.
We are without evidence as to the cost of the patent to James and the evidence as to its March 1, 1913, value in his hands is not sufficient to enable us to make a finding of fact as to such value which would be more than a conjecture. Under such circumstance the determination of the respondent as to the years 1924, 1925, and 1926 must be upheld.
The petitioner depends upon Turner Falls Power & Electric Co., 15 B. T. A. 983, but that case is not in point. It did not involve section 202 (c) (3) of the Revenue Act of 1921, the section involved in this proceeding.
Reviewed by the Board.

Judgment will he entered under Rule 50.